UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. [          ]–Civ–[          ]/[          ]

BOY RACER INC.,

    Plaintiff,

vs.

JOHN DOE

    Defendant.

_____/

**COMPLAINT**

    Plaintiff Boy Racer Inc., by and through its attorneys, hereby files this Complaint requesting damages and injunctive relief, and alleges as follows:

**INTRODUCTION**

    1.    This action has been filed by Plaintiff to combat the willful and intentional infringement of its copyrighted creative works and includes a civil claim for copyright infringement. Plaintiff had previously filed an action for copyright infringement under the United States Copyright Act and related claims against multiple John Does, including the John Doe known to Plaintiff and identified in this Complaint as Jacob McCullough with the Internet Protocol ("IP") address: 97.104.95.236. John Doe, whose name Plaintiff expects to ascertain during discovery, knowingly and illegally, reproduced and distributed Plaintiff's copyrighted Video, and materially contributed to the infringing conduct, by acting in concert via BitTorrent file sharing protocol and, upon information and belief, continues to do the same. Plaintiff seeks a permanent injunction, statutory or actual damages, award of costs and attorney's fees, and other relief.

## THE PARTIES

2. Plaintiff Boy Racer Inc., is a corporation organized and existing under the laws of the State of New York, with its principal place of business located in North Bellmore, New York. Plaintiff is the exclusive holder of the relevant rights with respect to the copyrighted creative work at issue in this Complaint. The unique copyrighted work at issue in this case is an adult video entitled Burning Angel – Jenna Hazzard & Joanna Angel POV (hereinafter, "Video").

3. Defendant's actual name is unknown to Plaintiff. Instead, Defendant is known to Plaintiff only by an Internet Protocol address (hereinafter "IP address"), which is a number that is assigned to devices, such as computers, that are connected to the Internet. In the course of monitoring Internet-based infringement of its copyrighted content, Plaintiff's agents observed unlawful reproduction and distribution occurring by the IP address 97.104.95.236 via the BitTorrent file-transfer protocol.

4. Plaintiff cannot ascertain John Doe's or his joint tortfeasors' actual identity without information from their Internet Service Providers ("ISPs").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (the Copyright Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim and the contributory infringement claim 28 U.S.C. § 1367(a) because they are so related to Plaintiff's copyright infringement claim, which is within this Court's original

jurisdiction, that these three claims form part of the same case and controversy under Article III of the United States Constitution.

6. This Court has personal jurisdiction because upon information and belief, John Doe either resides in or committed copyright infringement in the State of Florida. Plaintiff used geolocation technology to trace the IP address of John Doe to a point of origin within the State of Florida. Geolocation is a method for ascertaining the likely geographic region associated with a given IP address at a given date and time. Although not a litmus test for personal jurisdiction, the use of geolocation gives Plaintiff good cause for asserting that personal jurisdiction is proper over John Doe.

7. In the alternative, this Court has personal jurisdiction over a non-resident Defendant, if any, under the Florida long-arm statute, Fla. Stat. § 48.193(1)(b), because he or she downloaded copyrighted content from or uploaded it to Florida residents, thus committing a tortious act within the meaning of the statute, and because they participated in a civil conspiracy to commit copyright infringement with Florida residents.

8. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant resides in this District, may be found in this District, or a substantial part of the events giving rise to the claims in this action occurred within this District.

9. Venue in this District is proper under 28 U.S.C. §§ 1391(b) and/or 1400(a) because Defendant resides in this District, may be found in this District, or a substantial part of the events giving rise to the claims in this action occurred within this District.

## BACKGROUND

10. BitTorrent is a modern method ("protocol") for distributing data via the Internet.

11. Traditional file transfer protocols involve a central server, which distributes data directly to individual users. This method is prone to collapse when large numbers of users request data from the central server, in which case the server can become overburdened and the rate of data transmission can slow considerably or cease altogether. In addition, the reliability of access to the data stored on a server is largely dependent on the server's ability to continue functioning for prolonged periods of time under high resource demands.

12. Standard peer-to-peer ("P2P") protocols involve a one-to-one transfer of whole files between a single uploader and single downloader. Although standard P2P protocols solve some of the issues associated with traditional file transfer protocols, these protocols still suffer from such issues as scalability. For example, when a popular file is released (e.g. an illegal copy of the latest blockbuster movie) the initial source of the file performs a one-to-one whole file transfer to a third party, who then performs similar transfers. The one-to-one whole file transfer method can significantly delay the spread of a file across the world because the initial spread is so limited.

13. In contrast, the BitTorrent protocol is a decentralized method of distributing data. Instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute data among themselves. Further, the BitTorrent protocol involves breaking a single large file into many small pieces, which can be transferred much more quickly than a single large file and in turn redistributed much more quickly than a single large file. Moreover, each peer can download missing pieces of the file from multiple sources—often simultaneously—which causes transfers to be fast and reliable. After downloading a piece, a peer automatically becomes a source for the piece. This distribution method contrasts sharply with a one-to-one whole file transfer method.

14. In BitTorrent vernacular, individual downloaders/distributors of a particular file are called peers. The aggregate group of peers involved in downloading/distributing a particular file is called a swarm. A server which stores a list of peers in a swarm is called a tracker. A computer program that implements the BitTorrent protocol is called a BitTorrent client. Each swarm is unique to a particular file.

15. The BitTorrent protocol operates as follows. First, a user locates a file (a "torrent" file) that contains background information about the file the user wishes to download along with a list of trackers that maintain a list of peers in the swarm that is distributing that particular file. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the trackers listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to other peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

16. Recent advances in the BitTorrent protocol have reduced the importance of trackers. The introduction of distributed hash tables allows participating peers to serve as "mini-trackers". The peer-exchange protocol allows peers to share information about other peers in the swarm, which was previously an exclusive function of trackers.

17. The degree of anonymity provided by the BitTorrent protocol is extremely low. Because the protocol is based on peers connecting to one another, a peer must broadcast identifying information (i.e., an IP address) before it can receive data. Nevertheless, the actual names of peers in a swarm are unknown, as the users are allowed to download and distribute under the cover of their IP addresses.

18. The BitTorrent protocol is an extremely popular method for transferring data. Studies have estimated that the BitTorrent protocol accounts for as much as half of all Internet traffic in certain parts of the world. The size of swarms for popular files can reach into the tens of thousands of unique peers. A swarm will commonly have peers from many, if not every, state in the United States and several countries around the world.

19. The BitTorrent protocol is also an extremely popular method for unlawfully copying, reproducing and distributing files in violation of the copyright laws of the United States. A broad range of copyrighted albums, audiovisual files, e-books, photographs, software and other forms of media are available for illegal reproduction and distribution via the BitTorrent protocol.

20. Efforts at combatting BitTorrent-based copyright infringement have been stymied by BitTorrent's decentralized nature. Because there are no central servers to enjoin from unlawfully distributing copyrighted content, there is no primary target on which to focus anti-piracy efforts. Indeed, the same decentralization that makes the BitTorrent protocol an extremely robust and efficient means of transferring enormous quantities of data also acts to insulate it from efficient anti-piracy measures. This lawsuit is Plaintiff's only practical means of combating BitTorrent based

## ALLEGATIONS COMMON TO ALL COUNTS

21. Plaintiff owns the copyright to the Video.

22. Plaintiff has applied for and received a certificate of copyright registration for the Video from the United States Copyright Office.

23. The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws.

24. Plaintiff employs proprietary P2P network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Video. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

25. John Doe and his joint tortfeasors, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into their BitTorrent clients, entered a BitTorrent swarm particular to Plaintiff's Video, reproduced a copy of the Video and distributed the Video to numerous third parties.

26. Plaintiff observed John Doe, without Plaintiff's authorization or license, intentionally download torrent files, purposefully load the torrent files into BitTorrent clients, enter a BitTorrent swarm particular to Plaintiff's copyrighted creative works and reproduce and distribute the same to hundreds of third parties.

## COUNT I – COPYRIGHT INFRINGEMENT

27. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

28. At all times relevant hereto, Plaintiff has been the producer and owner of the photographic and audiovisual works copied, reproduced and distributed by Defendant via the BitTorrent protocol.

29. Defendant has never been authorized by Plaintiff to reproduce or distribute the Plaintiff's copyrighted creative works.

30. Defendant's conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

31. Defendant knew, should have known, or had constructive knowledge that his acts constituted copyright infringement.

32. Defendant's conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights.

33. Plaintiff has been damaged by Defendant's conduct, including but not limited to economic and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all the possible damages stemming from the Defendant's conduct.

34. Plaintiff hereby reserves the right, pursuant to 17 U.S.C § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

35. As Defendant's infringement was intentional and willful, the Plaintiff is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

## COUNT II – CIVIL CONSPIRACY

36. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

37. In using the peer-to-peer BitTorrent file distribution method, Defendant participated in, aided in, attempted to aid in, or at least knew of the formation and operation of a common-plan conspiracy to unlawfully reproduce and distribute the Video in a unique and specific torrent swarm. Defendant engaged in concerted tortious action with other unnamed third-party individuals to reproduce and distribute Plaintiff's Video by mutually exchanging pieces of the Video file.

38.     Defendant was an active participant in downloading a torrent file, opening it using a BitTorrent client, and then entering a torrent swarm comprised of other individuals improperly distributing and reproducing Plaintiff's Video without permission.

39.     Participants in the unique and specific torrent swarm distributing the Video file – including Defendant – have conspired to provide other individuals with pieces of the Video file in exchange for receiving other pieces of the same Video file, with the mutual goal and result of eventually obtaining complete copies of the Video.

40.     In furtherance of this civil conspiracy, Defendant committed overt tortious and unlawful acts by using BitTorrent software to download the Video from and distribute it to others, and was a willful participant in this joint activity.

41.     As a proximate result of this conspiracy, Plaintiff has been damaged by Defendant's conduct, including but not limited to economic and reputation losses.  Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all the possible damages stemming from the Defendant's conduct.

## COUNT III – CONTRIBUTORY INFRINGEMENT

42.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

43.     Defendant is liable as a contributory copyright infringer for the infringing act of fellow infringers in the swarms identified in this Complaint. John Doe and his joint tortfeasors induced, caused, or materially contributed to each act of infringement by other fellow infringers in the same swarm.

44.     John Doe and his joint tortfeasors had actual and constructive knowledge that they were illegally downloading and distributing Plaintiff's Videos without authorization or consent.

45. John Doe and his joint tortfeasors, each and individually, knew or had reason to know that they were engaged in an act consisting of direct infringement of Plaintiff's copyrights.

46. John Doe and his joint tortfeasors, acting with this actual and constructive knowledge, induced, caused, or materially contributed to the actions of their infringing peers seeking to illegally download and distribute Plaintiff's copyrighted Videos which, due to the specific nature of BitTorrent technology, John Doe and his joint tortfeasors necessarily enabled to accomplish.

47. John Doe's and his joint tortfeasors' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

48. As a result of the contributory infringement of the Videos by John Doe and his joint tortfeasors, Plaintiff has been damaged, as is more fully alleged in Count I.

**JURY DEMAND**

49. Plaintiff hereby demands a jury trial in this case.

**PRAYER**

**WHEREFORE**, Plaintiff respectfully requests judgment against each Defendant as follows:

1) Judgment against Defendant that he or she has: a) willfully infringed Plaintiff's rights in federally registered copyrights pursuant to 17 U.S.C. § 501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Complaint;

2) Judgment in favor of the Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. § 504 at the election of Plaintiff, in an amount to be ascertained at trial;

3) Order of impoundment under 17 U.S.C. §§ 503 & 509(a), impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendant's possession or under his or her control;

4) On Count II, an order that Defendant is jointly and severally liable to the Plaintiff in the full amount of the Judgment on the basis of common law claim for civil conspiracy to commit copyright infringement against Defendant and his or her co-conspirators; for an award of compensatory damages in favor of the Plaintiff and against Defendant and his or her co-conspirators, jointly and severally, in an amount to be determined at trial;

5) On Count III, an order that John Doe is jointly and severally liable to the Plaintiff in the full amount of Judgment on the basis of a common law claim for contributory infringement of copyright; for an award of compensatory damages in favor of the Plaintiff and against John Doe, jointly and severally, in an amount to be determined at trial;

6) Judgment in favor of Plaintiff against the Defendant awarding the Plaintiff attorney's fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action; and

7) Judgment in favor of the Plaintiff against the Defendant, awarding Plaintiff declaratory and injunctive or other equitable relief as may be just and warranted under the circumstances.

[intentionally left blank]

-12-

                                        Respectfully submitted,

**DATED:** March 20, 2012         Boy Racer, Inc.

                                        By:    /s/ Joseph Perea_____
                                                      Joseph Perea (Bar No. 47782)
                                                      Prenda Law
                                                      1111 Lincoln Road, Suite 400
                                                      Miami Beach, Florida 33139
                                                      T. 305-748-2102  F. 305-748-2103
                                                      joperea@wefightpiracy.com
                                                      *Attorney for Plaintiff*