UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:12-cv-21100-Lenard-O'Sullivan

BOY RACER INC.,

    Plaintiff,

vs.

JOHN DOE,

    Defendant.
_____/

## PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

On June 21, 2012, the Court ordered Plaintiff to show cause why the Court should not dismiss this claim against John Doe, pursuant to Fed. R. Civ. P. 4 (m). (ECF No. 12). Plaintiff respectfully submits this response in return and requests the Court grant Plaintiff an additional 90 days to effectuate service on this one Doe Defendant.

### I.   LEGAL STANDARD

Rule 4(m) requires a court to extend a plaintiff's time for serving the complaint if plaintiff can establish good cause. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Absent a showing of good cause, Rule 4(m) permits a court to exercise its discretion to extend the time for service. Plaintiff can establish good cause and the history of this case weighs strongly in favor of the Court exercising its discretion to extend the time for service.

### II.   BACKGROUND

On July 5th, 2012; July 6th, 2012; and July 18th, 2012, Plaintiff attempted to serve a deposition subpoena with a copy of the Court's order and a witness-fee check on Jacob McCullough, evidence of which is attached herein as Exhibit A and B.

1

### III.     GOOD CAUSE

If a plaintiff is able to show good cause for not timely serving a defendant, the court must extend the time for service to an appropriate period. *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). "When considering [whether] … to dismiss a complaint for untimely service, courts must determine whether good cause for the delay has been shown on a case by case basis." *In re Sheehan*, 253 F.3d at 512.

To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay." *Coleman v. Cranberry Baye Renal Agency*, 202 F.R.D. 106, 109 (N.D.N.Y. 2001). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Easter Refactories Co., Inc., v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y 1999) (quoting *Nat'l Union Fire Ins. Co. v. Sun*, No, 93 Civ. 7170 (LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994).

In this case, Plaintiff has made reasonable efforts to serve a Defendant but Plaintiff must first take the deposition of McCullough, the person with the most knowledge and information about the case and the most likely to be named. Plaintiff's reason for not serving the Doe Defendant is that Plaintiff has been met with resistance from McCullough. Plaintiff was under the impression that McCullough was represented by counsel, pursuant to conversations with the law firm Lalchandani, Simon, PL, which represented to the undersigned that it was McCullough's attorney of record prior to the complaint being filed on March 20th, 2012, until approximately July 6th, 2012. In May 2012, in an attempt to confer with opposing counsel to try to resolve the dispute before serving a deposition subpoena, Plaintiff conferred with Lalchandani Simon to see if McCullough was interested in settlement or if he could tell Plaintiff who

committed the infringement of Plaintiff's copyrights. Lalchandani Simon advised the undersigned that McCullough was not interested in settlement and that he (McCullough) had no information to share about the copyright infringement case, and, moreover, the attorney stated that a deposition subpoena would be a waste of time. Plaintiff proceeded with attempting to serve McCullough with the deposition subpoena at McCullough's last known address. After being told by opposing counsel that McCullough was rejecting attempts at an amicable resolution and disputing any involvement or knowledge in Plaintiff's copyrighted work, Plaintiff was under the impression McCullough would naturally appear with his counsel at a deposition to memorialize his position on the record. Instead, McCullough cannot be located and has decided to conceal his whereabouts. Plaintiff contacted Lalchandani Simon on or around July 6th to find out why McCullough was avoiding service. Lalchandani Simon then advised the undersigned that they were not McCullough's attorneys in this Federal lawsuit and that it cannot disclose any information about McCullough's whereabouts. Plaintiff is now puzzled about why Lalchandani Simon told the undersigned one thing about the case in May (when opposing counsel did represent McCullough during negotiations with the undersigned in this Federal litigation) and why they said something else on or around July 6th (when opposing counsel advised it did not represent McCullough). Certainly, it is understood that the law firm of Lalchandani Simon is entitled to cease representation of McCullough and is not required to disclose McCullough's whereabouts to the Plaintiff. The foregoing simply illustrates how the Plaintiff has attempted to locate McCullough and how Plaintiff now needs more time to find McCullough to see if he should be named and served as the Defendant in this case. After July 6th, 2012, when Plaintiff was informed Lalchandani Simon did not represent McCullough, Plaintiff has attempted to reach McCullough, but he will not return calls to the undersigned.

It is difficult for Plaintiff to name and serve a Defendant because Plaintiff's litigation is unlike conventional litigation, Plaintiff does not have pre-litigation leeway. For example, Plaintiff does not know basic information about a Defendant like most conventional plaintiffs would know about a defendant before suit is filed.  Plaintiff must request expedited discovery and seek a deposition before naming a defendant and Plaintiff is subject to the Court's time constraints for service while doing so.

Good cause would appear to be readily satisfied. First, as outlined above, Plaintiff has not demonstrated any form of neglect because it has acted as swiftly as possible at every turn.  In addition, the failure to serve McCullough has not been prejudicial to McCullough.  Plaintiff has attempted to resolve the issue with McCullough through his previous counsel, and McCullough is now concealing his whereabouts.

## IV.   DISCRETION

Even if the Court concludes that Plaintiff does not have good cause, it should nevertheless exercise its discretion to extend the time for service. In addition to the foregoing discussion, by refusing to exercise its discretion in Plaintiff's favor the Court will literally foreclose the possibility of copyright holders ever being able to prosecute Internet-based copyright infringement under the current Federal Rules of Civil Procedure – Plaintiff simply does not have the Doe Defendants contact information to begin with.  The current Federal Rules of Civil Procedure allow for, at best, a crude framework for addressing the very real problem of Internet-based theft. The timeline for filing a complaint, filing an *ex parte* discovery motion, receiving a ruling on the motion, serving a subpoena, receiving a subpoena response, conferring with the subscriber and then conducting final limited discovery, if necessary, is not realistically compacted into 120 days, and Plaintiff has no real pre-litigation leeway like conventional plaintiffs do.  These factors and the fact that McCullough has not been prejudiced by the delay

weigh heavily in favor of the Court exercising its discretion to extend the time for serving the complaint.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court extend Plaintiff's time for service of the Complaint by an additional 90 days.

DATED: July 23, 2012

Respectfully submitted,
Boy Racer Inc.

By: /s/ Joseph Perea

Joseph Perea (Bar No. 47782)
9100 S. Dadeland Blvd, Ste 1500
Miami, Florida 33156
Tel: 305-934-6215
Fax: 888-229-4968
joperea@perealawfirm.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 23, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

/s/ Joseph Perea

JOSEPH PEREA